# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOM SMITH,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CALIFORNIA CORRECTIONAL<br>HEALTH CARE SERVICES, et al.,<br><br>　　　　Defendants. | No. 2:16-CV-1038-TLN-DMC-P<br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's first amended complaint (ECF No. 18). Plaintiff alleges Defendants violated his Eighth, Fourteenth, and Fifth Amendment rights because they knowingly caused Plaintiff to relapse by deliberately changing his medication. Plaintiff also alleges that his general right to refuse medication was violated when he was disciplined for not wanting to take his medication. Plaintiff further alleges violations of his Fourteenth Amendment rights generally, his Fifth Amendment right against double jeopardy, and his right against "mental discrimination" related to some underlying state court trial action. For the reasons set forth below, Plaintiff's first amended complaint is dismissed with leave to amend.

///

///

1

# I. SCREENING REQUIREMENT AND STANDARD

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2).

The Federal Rules of Civil Procedure require complaints contain a "…short and plain statement of the claim showing that the pleader is entitled to relief." See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (quoting Fed. R. Civ. P. 8(a)(1)). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal–Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and are afforded the benefit of any doubt. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572F.3d at 969.

/ / /

/ / /

/ / /

/ / /

## II. PLAINTIFF'S ALLEGATIONS

While plaintiff's complaint is extremely difficult to read, and the claims are difficult to decipher, it appears to the Court that plaintiff's amended pleading raises three claims: (1) Plaintiff alleges that his Eighth, Fourteenth, and Fifth Amendment rights were violated when an unspecified Defendant changed his medication. Plaintiff alleges the medication was court mandated, and the change in medication resulted in Plaintiff suffering a seizure and other negative physical manifestations. (2) Plaintiff alleges his "right to refuse drugs [he] was allergic to" was violated when he was restrained and forced to take his medication. Plaintiff's constitutional basis for this claim is not stated. In this allegation plaintiff contends that he was beaten, starved, stripped, and placed in cold housing after refusing to take his medication. Plaintiff again fails to attribute this alleged violation to any of the named Defendants. (3) Plaintiff alleges his Fourteenth Amendment rights generally, his Fifth Amendment right against double jeopardy, and his "right against mental discrimination" were each violated. This claim seems to be related to an underlying state court action. It is unclear how the alleged constitutional rights were violated in this claim or and whether there exists a basis for relief under section 1983.

## III. ANALYSIS

### A. <u>Sufficiency of Plaintiff's Allegations</u>

The Federal Rules of Civil Procedure require complaints contain a "…short and plain statement of the claim showing that the pleader is entitled to relief." See <u>McHenry v. Renne</u>, 84 F.3d 1172, 1177 (9th Cir. 1996) (quoting Fed. R. Civ. P. 8(a)(1)). Claims must be stated simply, concisely, and directly. See <u>McHenry v. Renne</u>, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See <u>Kimes v. Stone</u>, 84 F.3d 1121, 1129 (9th Cir. 1996). Because a plaintiff must allege, with at least some degree of particularity, overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to

reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

Here, all three of Plaintiff's claims fail to meet the pleading standard. As a general matter Plaintiff fails to attribute any of the alleged violations to any of the Defendants. In other words, Plaintiff fails to identify which Defendant(s) caused the alleged constitutional violations. Plaintiff must identify the acts of specific defendants and connect those acts with the alleged violation. See Kimes v. Stone, 84 F.3d at 1129. Plaintiff's failure to allege with any degree of particularity which overt acts by which defendant caused the constitutional violation renders Plaintiff's complaint inadequate. This alone is enough to prevent Plaintiff's complaint from passing the screening stage. However, Plaintiff's claims suffer from additional deficiencies that must be cured as well for the complaint to proceed.

Plaintiff's first claim seems to relate exclusively to an Eight Amendment right to medical treatment. There are no facts that support a Fourteenth Amendment violation, a Fifth Amendment double jeopardy violation, or a Fifth Amendment self-incrimination violation. Plaintiff is referred to this Court's Findings and Recommendations filed on February 10, 2017, stating the standard for such an Eighth Amendment claim. As to the remaining alleged violations in this claim, Plaintiff is informed that he must identify the *specific* constitutional right that was violated and allege sufficient facts to support that alleged constitutional violation.

Plaintiff's second claim seems to allege a violation of his Eighth Amendment right, however Plaintiff never identifies it as an Eighth Amendment claim nor does Plaintiff identify any other constitutional basis for this claim. Plaintiff is again reminded that he must specify which constitutional right was violated and allege sufficient facts to support that alleged constitutional violation.

Plaintiff's third claim is the most unclear. Plaintiff has identified the claim as a violation of his "Fourteenth U.S. Constitutional right against double jeopardy through false imprisonment and mental illness discrimination". As a threshold matter, the Fifth Amendment, not the Fourteenth Amendment, protects against double jeopardy. Further, if Plaintiff is alleging

4

a Fourteenth Amendment violation, it is unclear how it occurred based on the facts alleged. In this claim Plaintiff makes reference to underlying state court trial proceedings and possibly to federal court proceedings though the specifics of the proceedings are unclear. If this claim is related to Plaintiff's underlying conviction and sentence, Plaintiff is informed that such a challenge is not cognizable under 42 U.S.C. § 1983 and that Petitioner's sole federal remedy is a petition for a writ of habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (per curiam). If the claim is in fact an action seeking monetary damages or declaratory relief related to alleged constitutional violations, Plaintiff is reminded that he must specify which constitutional right was violated and plead sufficient facts to support the alleged violation.

### B. **Immune Defendants**

In this case, plaintiff names one individual as a defendant – Alicia Bulin, who is alleged to be a prison doctor. Plaintiff also names "California Correctional health Care Services," "California Department of Corrections," and "Salinas Valley State Prison Department of Mental Health." The state entity defendants are immune from the federal claims attempted by plaintiff. The Eleventh Amendment prohibits federal courts from hearing suits brought against a state both by its own citizens, as well as by citizens of other states. See Brooks v. Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991). This prohibition extends to suits against states themselves, and to suits against state agencies. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). A state's agency responsible for incarceration and correction of prisoners is a state agency for purposes of the Eleventh Amendment. See Alabama v. Pugh, 438 U.S. 781, 782 (1978) (per curiam); Hale v. Arizona, 993 F.2d 1387, 1398-99 (9th Cir. 1993) (en banc).

Should plaintiff elect to further amend his pleading, any such complaint may not proceed against defendants who are immune.

/ / /

/ / /

## IV. AMENDING THE COMPLAINT

Because it may be possible that some of the deficiencies identified in this order can be cured by amending the complaint, plaintiff will be given leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id. This means, in practical terms, that to achieve the relief sought here, plaintiff must not only cure the deficiencies identified in this order, but also reallege the cognizable claim(s) discussed in this Court's order.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action. See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110. Plaintiff is further warned that a complaint which again fails to comply with Rule 8 will, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b). See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

///
///
///
///
///
///

## V. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's first amended complaint is dismissed with leave to amend; and

2. Plaintiff shall file a second amended complaint within 30 days of the date of service of this order

Dated: March 13, 2019

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE